UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 03-22046-CIV-JORDAN

FILED by _____ D.C.

SEP 2 3 2004

CLARENCE  MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA.

JUAN A. SALINAS and LUCILA      )
FUENTES                         )
                                )
            Plaintiffs,         )
                                )
vs.                             )
                                )
SUE ANN RAMSEY and HILDA RAMSEY )
                                )
            Defendants          )
_____ )

**CLOSED
CIVIL
CASE**

### FINAL JUDGMENT

Pursuant to the jury verdict and Rules 54 and 58 of the Federal Rules of Civil Procedure, final judgment is entered as follows:

1. Judgment is entered in favor of Hilda Ramsey and against Juan Salinas and Lucila Fuentes. As to Hilda Ramsey, Mr. Salinas and Ms. Fuentes shall take nothing from this cause.

2. Judgment is entered in favor of Mr. Salinas and against Sue Ann Ramsey in the amount of $8,325.00, plus post-judgment interest at the rate set by 28 U.S.C. § 1961, for which let execution issue. This includes the $4,162.50 in overtime wages awarded by the jury plus liquidated damages of an equal amount under 29 U.S.C. § 216(b). Although Sue Ann Ramsey testified that she believed that Mr. Salinas was a contract worker or independent contractor, I do not find that she had a good faith basis for failing to pay overtime wages under the FLSA, as ignorance alone is not enough to avoid liquidated damages, and Sue Ann Ramsey did not undertake any efforts to determine Mr. Salinas' status under the FLSA. *See, e.g., Barcelona v. Tiffany English Pub*, 597 F.2d 464, 468-69 (5th Cir. 1979).

3. Judgment is entered in favor of Lucila Fuentes and against Sue Ann Ramsey in the amount of $1,560.00, plus post-judgment interest at the rate set by 28 U.S.C. § 1961, for which let execution issue. This includes the $780.00 in overtime wages awarded by the jury plus liquidated damages of an equal amount under 29 U.S.C. § 216(b). Although Sue Ann Ramsey testified that she believed that Ms. Fuentes was a contract worker or independent contractor, I do not find that she had a good faith basis for failing to pay overtime wages under the FLSA, as ignorance alone is not enough to avoid

liquidated damages, and Sue Ann Ramsey did not undertake any efforts to determine Ms. Fuentes' status under the FLSA. *See, e.g., Barcelona v. Tiffany English Pub,* 597 F.2d 464, 468-69 (5th Cir. 1979).

Prejudgment interest is not available given the award of liquidated damages. *See Joiner v. City of Macon,* 814 F.2d 1537, 1538 (11th Cir. 1987).

This case is closed, and any pending motions are denied as moot. Hilda Ramsey may move for an award of costs within 30 days of this judgment. Mr. Salinas and Ms. Fuentes may move for an award of attorney's fees and costs within 30 days of this judgment. I will reserve jurisdiction to entertain any such motions that are timely filed.

DONE and ORDERED in chambers in Miami, Florida, this 23rd day of September, 2004.

_____
Adalberto Jordan
United States District Judge

Copy to:     All counsel of record
             Hilda Ramsey and Sue Ann Ramsey, c/o Sue Ann Ramsey, 522 South Hunt Club
                  Blvd., Apopka, Florida 32703