# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 03-22046-CIV-WILLIAMS/TORRES

JUAN SALINAS,

      Plaintiff,

vs.

SUE ANN RAMSEY,

      Defendants.

_____/

# REPORT AND RECOMMENDATION
## ON MOTIONS FOR ATTORNEY FEES

This matter is before the Court on Plaintiff Juan Salinas's ("Plaintiff") Motions for Attorney Fees (collectively "Motion") [D.E. 59, 65] in connection with his successful post-judgment appeal in the case that resulted in the Court of Appeals' mandate [60] reversing earlier post-judgment discovery orders entered in the case. The Court of Appeals found that the post-judgment discovery motions were timely and due to be adjudicated, as well as finding that appellate attorneys' fees were due for an amount to be determined in the district court upon remand. The pending motion seeks an award of $21,591.00 in attorneys' fees incurred in the appeal, pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54.

No timely opposition to the Motion has been filed by Defendant Ramsey, against whom the judgment and mandate was entered. Plaintiff also represents that attempts to contact Defendant, as per Local Rule 5.4, have been unsuccessful.

Based on our review of the Motion, the documentation submitted in support thereof, and the record as a whole, we recommend that the Motion be Granted in part and Denied in part, and further that an award to Plaintiff Salinas in the amount of $16,596.25 should be entered through a supplemental fee judgment.

## I.   BACKGROUND

Plaintiff sued her former employer, Sue Ann Ramsey, for unpaid overtime owed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216.  Following trial and a jury verdict in Plaintiff's favor, judgment was entered against Defendant Ramsey on September 23, 2004, in the amount of $8,325.00. [D.E. 38]. A fee judgment was also entered against Defendant Ramsey in the amount of $12,930.00. [D.E. 41].

After some time elapsed after these judgments were entered, Plaintiff initiated post-judgment discovery proceedings.  The Court rejected such efforts on timeliness grounds under Florida law.  Plaintiff appealed.  After certification of the issue to the Florida Supreme Court, the Court of Appeals ultimately concluded that the discovery efforts were not untimely and should have been adjudicated.  The Court found in Plaintiff's favor on the entitlement to attorneys' fees incurred in the appeal and remanded the determination of an amount to this Court. [D.E. 60].

The motion originally filed before the appellate court [D.E. 59] as well as a post-mandate motion filed in this Court are thus pending. [D.E. 65].  The District Judge referred all post-judgment matters for disposition. [D.E. 61].

## II.   ANALYSIS

Plaintiff's motion seeks a total award of $21,591.00, based upon a claim for reimbursement of 66.55 hours litigating the appeal among a senior partner and two associates.   Defendant Ramsey has not opposed or responded to the Motion. Ordinarily the failure to object would be sufficient cause to grant the motion by default under S.D. Fla. L.R. 7.1.   However, we are obliged to conduct an independent review to ensure that all fees awarded are reasonable, in accordance with the Court of Appeals' mandate.

### A.   Attorneys' Fees

The Eleventh Circuit adopted the lodestar method to determine a reasonable award of attorney's fees.   *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991).   The lodestar approach requires the district court to multiply the court's determination of a reasonable hourly rate with the number of hours reasonably expended on the litigation.   *Id.* at 1299.   In awarding attorney's fees, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).

### 1.   Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience,

and reputation." *Norman*, 836 F.2d at 1299.  A reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney.  *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984). With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citation omitted); *see also Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974) (setting forth several well-established factors that courts may consider in arriving at the prevailing market rate).

The hourly rates requested in the Motion [D.E. 65 at 8] are as follows:

| Attorney | Hourly Rate |
| --- | --- |
| J.H. Zidell | $390/hr. |
| Rivkah Jaff | $290/hr. |
| Neil Tobak | $290/hr. |

Based on our review of the supporting documentation, the nature of this case, our knowledge and experience regarding rates in FLSA cases in this legal community, and the lack of objection from Defendant Ramsey, we find that the hourly rates requested for Plaintiff's attorneys are reasonable, with some adjustments.

First, there are a plethora of cases in our District and elsewhere awarding hourly rates to Mr. Zidell in the range from $300 to $400 per hour.  Our own most recent awards in Mr. Zidell's successful cases generally awarded a rate of $350 per

hour.  Recently, Judge Matthewman careful analyzed the existing hourly rates in FLSA cases and awarded Mr. Zidell the same rate, $350.00 per hour.  *Cardoza v. Mario's Cleaning Servs.,* Corp., 2018 WL 1353141, at *3 (S.D. Fla. Mar. 14, 2018).

Though we agree with this conclusion, we will award Mr. Zidell a higher rate in this case based upon the nature of the proceeding (appellate practice before the Court of Appeals and Florida Supreme Court) as well as the passage of time since we have been awarding a $350.00 rate.  We may take all these factors, and more, into account in arriving at a reasonable hourly rate.  Though the rate requested by Mr. Zidell is likely too high ($390), we find that an adjustment of his standard rate is warranted under the facts of the case.  Accordingly, we will award a $375.00 rate for Mr. Zidell's work as a senior partner on the case.

That having been said, we will take into account the particular nature of the time billed by this timekeeper and make adjustments if necessary to such hours if associate-level work was being performed by a senior timekeeper.

As for the senior associates working on the case, we find that a $250.00 rate remains reasonable.  This rate is customarily awarded in this District, *id.* at *3, and we find that such a rate should be applied to the hours incurred here in support of the senior partner.  The requested rate ($290) is too high given the associates' level of experience and the nature of the work performed in this case.

By making these hourly rate adjustments, the amount of the lodestar is reduced to $19,525.00.

### 2.    *Hours Reasonably Expended*

The next step of the lodestar analysis requires that we determine the reasonable number of hours expended in the litigation. *Norman*, 836 F.2d at 1301. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *ACLU of Georgia,* 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of the fees to award. *Id.* If the fee applicant fails to exercise required "billing judgment," the Court is obligated to "[prune] out those [hours] that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303.

The party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *ACLU of Georgia,* 168 F.3d at 427. In the final analysis, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

We have reviewed the billing records that Plaintiff's counsel submitted in support of the fees request. Based on that review and our examination of the court

docket in this case, as well as our experience in reviewing literally hundreds of motions for attorneys' fees filed in FLSA cases in this district, we conclude that a reduction in the number of hours for which counsel will be compensated is warranted.

Some evidence of excessive, redundant, duplicative, and/or nonessential billing can be seen in the billing records based upon duplication of effort among the three timekeepers. We also find that, although most of the partner level work is compensable, a material amount of time was incurred at a high billing rate that should have been leveraged to an associate. Thus, the number of hours requested by the senior partner – 23.10 – is excessive. Finally, there is a fair amount of duplication of effort among the two associates with respect to various research-related time entries in the application.

Rather than parse through each individual billing entry and determine which attorney's hours should be reduced and at what hourly rate, we will reduce by fifteen percent (15%) the total amount of attorneys' fees that Plaintiff may recover. We conclude such an across-the-board reduction accounts for excessive, redundant, and duplicative billing and is both reasonable and necessary in order for the Court to meet its obligations under the law to exclude hours that were not "reasonably expended." *See Hensley*, 461 U.S. at 434.

Reducing the pending sub-total lodestar ($19,525.00) by 15% results in a total award of $16,596.25 in appellate attorneys' fees to Plaintiff, a material sum given the unique appellate issues and briefing practice that was required in the case.

### III.   CONCLUSION

Based on the foregoing, we **RECOMMEND** that Plaintiff's Motions [D.E. 59, 65] be **GRANTED in part and DENIED in part**.   Plaintiff should be awarded $16,596.25 in reasonable attorneys' fees in this post-judgment proceeding.

Pursuant to S.D.Fla.Mag.J.R.4(b), the parties have fourteen days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 26th day of September, 2018.


    */s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge